UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOANERGES VILLALOBOS, et al.,

NO. CIV. S-07-2778 LKK/GGH

      Plaintiffs,

  v.

                            O R D E R

JAMES GUERTIN, et al.,

      Defendants.

_____/

     Plaintiffs were employed as construction workers by defendant Norcal Plastering ("Norcal"). Plaintiffs bring this wage-and-hour suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and various state laws against Norcal and related individuals. Pending before the court is defendants' motion for judgment on the pleadings and motion to strike.

     For the following reasons, the court grants defendants' motions in part.

////

////

////

1

# I. BACKGROUND[1]

**A. The Parties**

Plaintiffs are four named plaintiffs formerly employed by defendant Norcal. Plaintiffs filed suit purporting to represent similarly situated employees, but no collective or class action has been certified. Norcal is a company that specializes in plastering and construction contracting. Defendants Heidi Guertin and James Guertin own Norcal, and allegedly had control over plaintiffs' working conditions. Compl. ¶ 5.

Plaintiffs worked for Norcal for four years, during which they were paid as hourly employees. Compl. ¶ 3, 8. On a regular basis plaintiffs worked over eight hours each day, in excess of forty hours per week. Compl. ¶ 9. During plaintiffs' employment, defendants knowingly failed to pay plaintiffs overtime wages as required by law. Compl. ¶ 13-15. On an unspecified date, plaintiffs' employment was terminated by defendants, after which defendants failed to pay plaintiffs wages defendants owed them. Compl. ¶ 11.

**B. The Instant Suit**

Plaintiffs filed suit in this court in December 2007. The complaint alleges five causes of action: (1) California Overtime Violations; (2) Federal Overtime Violations; (3) California Missed Meal Period Penalty; (4) California Waiting Time Penalty; and (5)

---

[1] The allegations described herein are taken from the complaint and are taken as true for the purpose of pending motions only.

California Unfair Trade Practices Act Violation (Cal. Bus. & Prof. Code § 17200). As noted above, the complaint was filed as a purported collective action as to the FLSA claim and as a putative class action with respect to the remaining claims. Plaintiffs' third, fourth, and fifth claims contain allegations apparently copied from another complaint, in that these allegations either refer to defendants "Mt. Zion" and "Gondosinaryo Listyo"[2]--who are not parties to this suit--or are missing key terms. For example, paragraph 34 of the complaint, supporting plaintiff's fourth claim, is a sentence without a subject, which does not identify any defendant, followed by another non-sentence: "Within 72 hours of the termination of Plaintiffs failed to pay them the wages owed ascertainable at the time of termination. Plaintiffs believe that during the last three years." [sic].

In April 2008, defendants answered the complaint. As to each of the allegations referring to non-parties, defendants stated that they were without information sufficient to respond, and thereby denied these allegations. In their status report filed the next day, defendants stated that "[i]t is anticipated that Plaintiffs will amend their pleadings to reflect the proper defendants in Counts Three, Four, and Five." This court then issued a Scheduling Order in May 2008. The Scheduling Order provided that discovery would close on June 15, 2009, and all law and motion matters would be heard by August 15, 2009.

---

[2] Compl. ¶¶ 29, 30, 32, 36, 38-40, 43.

3

1    The docket does not indicate any activity by either party for

2   the following year.  Defendants provide a declaration stating that

3   no discovery was conducted by either party in this case until May

4   5, 2009.  Decl. of Kimberly Worley, Doc. No. 27.  Defendants and

5   plaintiffs filed mid-litigation statements on May 29 and June 1,

6   2009, respectively, and plaintiffs' statement indicated an intent

7   to "strike the class action allegations."  On July 8, 2009,

8   defendants filed the instant motion for judgment on the pleadings

9   and motion to strike, the first substantive motion thus far.  This

10  motion was noticed for hearing prior to the close of law and

11  motion, but the hearing was continued by the court due to court

12  congestion.  No other motions have been filed, and the time for

13  filing of such motions has passed.

14                          **II.  STANDARDS**

15  **A.   Standard for A Motion for Judgment on The Pleadings under**

16       **Fed. R. Civ. P. 12(c)**

17       A motion for judgment on the pleadings may be brought

18  "[a]fter the pleadings are closed but within such time as to not

19  delay the trial." Fed. R. Civ. P. 12(c). All allegations of fact

20  by the party opposing a motion for judgment on the pleadings are

21  accepted as true. Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d

22  1480, 1482 (9th Cir. 1984).

23  When a Rule 12(c) motion is used to raise the defense of failure

24  to state a claim, the motion is subject to the same test as a

25  motion under Rule 12(b)(6). McGlinchy, 845 F.2d at 810; Aldabe

26  v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1989). Thus, the motion

                                  4

will be granted only if the movant establishes "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 569 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 555.  The court must accept all material allegations of the complaint as true and all doubts must be resolved in the light most favorable to the plaintiff. <u>N.L. Indus. Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986).

**B.   Standard for A Motion to Strike under Fed. R. Civ. P. 12(f)**

Rule 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter."  A party may bring on a motion to strike within twenty days after the filing of the pleading under attack.  The court, however, may make appropriate orders to strike under the rule at any time on its own initiative.  Thus, the court may consider and grant an untimely motion to strike where it seems proper to do so. <u>See</u> 5A Wright and Miller, <u>Federal Practice and Procedure</u>: Civil 2d 1380.

Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties. <u>See</u> 5A C. Wright & A. Miller, <u>Federal Practice and Procedure</u>: Civil 2d 1380;  <u>See also</u> <u>Hanna v. Lane</u>, 610 F. Supp. 32, 34 (N.D. Ill. 1985).  If the court is

5

in doubt as to whether the challenged matter may raise an issue

of fact or law, the motion to strike should be denied, leaving

an assessment of the sufficiency of the allegations for

adjudication on the merits. See 5A Wright & Miller, supra, at

1380.

## III. ANALYSIS

The court grants defendants' motion to strike insofar as it

seeks to strike the collective and class allegations from the

complaint, because plaintiffs do not oppose--and in fact

request--striking of these allegations.

Defendants request three other acts by this court. First,

defendants argue that the entire complaint should be dismissed

for plaintiffs' failure to prosecute. Second, defendants seek

judgment on the pleadings as to plaintiffs' FLSA claim, on the

ground that plaintiffs have not alleged facts demonstrating that

defendants are employers subject to the FLSA. Third, defendants

seek dismissal of plaintiffs' third, fourth, and fifth claims

because the allegations supporting these claims do not refer to

defendants, and instead refer to some other entity not a party

to this suit. As to each of the above, defendants argue that

dismissal should be with prejudice. The court considers each of

the above arguments in turn.

**A. Dismissal for Failure to Prosecute**

Defendants' first argument is that the entire complaint

should be dismissed for lack of prosecution. Although presented

as a motion to strike, defendants' reply brief couches this

6

request as an invitation for the court to exercise its authority to dismiss sua sponte under Fed. R. Civ. P. 41(b) and Link v. Wabash R.R., 370 U.S. 626, 633 (1962).

Dismissal is within the discretion of the district court. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). However, the Ninth Circuit stated that dismissal "should be imposed only in extreme circumstances," and has found an abuse of discretion in several cases. Raiford v. Pounds, 640 F.2d 944, 945 (9th Cir. 1981) (reversing dismissal where, although plaintiff missed both an original and extended deadline for filing a pretrial report, there was little prejudice and lesser sanction would suffice). In Link, the Supreme Court upheld the district court's sua sponte dismissal of plaintiffs's complaint for failure to prosecute, where plaintiff had both failed to appear at a pretrial conference and had previously otherwise delayed the case. 370 U.S. at 634-635. In general, dismissals have been found appropriate where plaintiffs have failed to meet deadlines or take other required steps. Land v. Denny's, Inc., 133 F.3d 927 (9th Cir. 1997), Henderson, 779 F.2d at 1423, Von Poppenheim v. Portland Boxing and Wrestling Commission, 442 F.2d 1047 (9th Cir. 1971).

Here, defendants point to plaintiffs' failure to seek class certification before the close of law and motion, nonappearance at scheduled depositions, limited discovery, and proposal of amendments after the deadline without showing good cause. These acts are not the type that normally warrant dismissal, and

7

1 defendants have failed to provide a ground for distinguishing

2 Raiford.  Plaintiffs have conducted discovery, filed a timely

3 status report, and timely opposed the present motion.  Dismissal

4 is not warranted here.[3]

5 **B.    Whether The Complaint States A Claim under The Fair Labor**

6      **Standards Act**

7     To fall under FLSA's overtime rules, an employee must

8 either himself engage in commerce, or his employer must be an

9 "enterprise engaged in commerce."  See Chao v. A-One Med.

10 Servs., 346 F.3d 908, 914 (9th Cir. 2003) (citing 29 U.S.C. §

11 207(a)(1)), Jerome v. Wirkkala, 118 F.3d 682, 686 (9th Cir.

12 1997).  The statutory definition of "enterprise engaged in

13 commerce" applicable to this case is an employer with at least

14 one "employee[] engaged in commerce or in the production of

15 goods for commerce, or . . . employee[] handling, selling, or

16 otherwise working on goods or materials that have been moved in

17 or produced for commerce by any person" and with gross sales or

18 business of at least $500,000.[4]  29 U.S.C. § 203(s)(1)(A).

19     The Ninth Circuit has interpreted "commerce" for purposes

20

21     [3] Defendants cite Kendrick v. Jefferson Co. Board of Educ.,
22 932 F.2d 910, 914 (11th Cir. 1991), which held that failure to seek
class certification constituted want of prosecution sufficient to
warrant dismissal of class allegations.  As defendants note,
23 however, the Kendrick court dismissed Kendrick's class action claim
but did not dismiss Kendrick's other causes of action. Id.
24 Defendants do not justify extending Kendrick here.

25     [4] Prior to the 1989 amendments to the FLSA, 29 U.S.C. §
26 203(s)(4) provided that an employer engaged in construction need
not meet the $500,000 threshold.  This provision has been deleted.

8

1  of this requirement very broadly.  The Ninth Circuit has

2  explained that:

3          even a business engaged in purely intrastate
        activities can [not] claim exemption from
4          FLSA coverage if the goods its employees
        handle have moved in interstate commerce.
5          The language imposes no requirement that the
        goods have a present involvement in
6          interstate commerce when they are handled or
        sold. Instead it broadens coverage to
7          include all employees within the stream of
        commerce of such goods, even if their own
8          participation remains purely intrastate.
        The question of whether the goods have come
9          to rest in transit has no relevance to this
        analysis.
10 Donovan v. Scoles, 652 F.2d 16, 18-19 (9th Cir. 1981).

11      In applying this standard to cases concerning construction

12  workers, courts have required showing particular facts

13  demonstrating a connection to commerce.  Herman v. Pacific

14  Southwest Dev., 1998 U.S. Dist. LEXIS 16575 (C.D. Cal. July 23,

15  1998); see also Vega v. Peninsula Household Servs., 2009 U.S.

16  Dist. LEXIS 23405 (N.D. Cal. Mar. 12, 2009) (strongly implying

17  this result), De Paz-Escobar v. Muskevitsch, 561 F. Supp. 2d

18  1209, 1212 (D. Or. 2008) (same).  There is less consensus among

19  the courts concerning what is required at the pleading stage.

20  What appears to this court to be the most lenient approach is

21  one recently adopted by a court in Northern District of

22  California.  The court held that allegations that defendant "is

23  a cleaning and maintenance company that does business in Belmont

24  California and has yearly income of over $ 500,000" were

25  sufficient to survive a motion to dismiss.  Vega v. Peninsula

26  Household Servs., 2009 U.S. Dist. LEXIS 23405 (N.D. Cal. Mar.

9

1  12, 2009). Even though there was no explanation in the

2  complaint of the connection between cleaning and interstate

3  commerce, the court found that the allegation of the type of

4  business made it plausible to infer such a connection, thereby

5  satisfying Twombly.

6     Plaintiffs conclusorally allege that at all relevant times

7  they were subject to the FLSA. Compl. ¶ 22. On a Rule 12(c)

8  motion, as with a motion brought under Rule 12(b)(6), this

9  conclusory allegation is ignored. Ashcroft v. Iqbal, ___ U.S.

10 ___, ___, 129 S. Ct. 1937, 1951 (2009). Plaintiffs do not

11 otherwise specifically allege that either they or Norcal

12 participated in interstate commerce, nor do plaintiffs' allege

13 Norcal's annual receipts. In opposing this motion, plaintiffs

14 do not argue that they individually participated in interstate

15 commerce.[5] Instead, like the plaintiff in Vega, plaintiffs here

16 argue that Norcal is an enterprise engaged in commerce.

17    The statutory definition of "enterprise engaged in

18 commerce" has two separate requirements: participation in

19 interstate commerce, and business in of at least $500,000

20 annually. Thorne v. All Restoration Servs., 448 F.3d 1264,

21 1267 (11th Cir. 2006). Assuming without deciding that, as in

22 Vega, participation in commerce may be implied by the nature of

23 the business, and further assuming without decided that such an

24 _____

25    [5] See also Portillo v. Sarneveslit, 2009 U.S. Dist. LEXIS
   10388 (N.D. Cal. Feb. 11, 2009) (concluding that construction
   employees in that case were not individually engaged in interstate
26 commerce).

implication is warranted in this case, plaintiffs nonetheless

have not alleged facts concerning the $500,000 threshold.

Accordingly, plaintiffs have failed to allege a claim under the

FLSA.

Plaintiffs argue that they should be granted leave to amend

their claim.  The time for amendment has long since passed, and

plaintiffs have not shown good cause to modify the scheduling

order to permit such amendment.  Johnson v. Mammoth Recreations,

Inc., 975 F.2d 604, 609 (9th Cir. 1992).  C.f. Johnson v. Clovis

Unified School District, No. 1:04-CV-6719, 2007 WL 1456062, *5

(E.D. Cal. May 17, 2007) (in granting a Rule 12(c) motion,

granting leave to amend where no scheduling order had yet been

entered in the case).

**C.   Plaintiffs' Third, Fourth, and Fifth Claims**

Defendants move for judgment on plaintiffs' third, fourth,

and fifth claims because the allegations supporting these claims

do not refer to the defendants here, and instead refer to some

other entity not a party to this suit.  Mot. p. 6. Plaintiffs

concede that the allegations supporting these claims are

deficient, and request leave to amend the complaint to correctly

name defendants in these claims.  Pls.' Opp'n to Defs.' Mot. for

J. p. 2.

As discussed above, the scheduling order of May 7, 2008,

prohibited all amendment absent a showing of good cause.

Plaintiffs argue that good cause is shown because of their

financial hardship, unemployment, and relocation.  However, none

of these factors bear any logical connection to the failure to name the proper party in the complaint. Moreover, this defect was explicitly revealed in defendants' status report of April 29, 2008. Accordingly, the court dismisses these claims.

**D.    Supplemental Jurisdiction**

Having dismissed the above claims, the court declines to retain supplemental jurisdiction over plaintiffs' first claim, for violations of California Labor Code section 510 and 1194. 28 U.S.C. § 1367(c)(3).

**IV. CONCLUSION**

For the reasons stated above, plaintiffs' second, third, fourth, and fifth claims are DISMISSED for failure to state a claim, and plaintiffs' first claim is DISMISSED for lack of subject matter jurisdiction. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

DATED: August 18, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT