UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOANERGES VILLALOBOS, et al.,

                                  NO. CIV. S-07-2778 LKK/GGH

    Plaintiffs,

  v.

                                         <u>O R D E R</u>

JAMES GUERTIN, et al.,

    Defendants.

    Plaintiffs were employed as construction workers by defendant Norcal Plastering ("Norcal"). Plaintiffs bring this wage-and-hour suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and various state laws against Norcal and related individuals. Pending before the court is defendants' motion for judgment on the pleadings and motion to strike.

    For the following reasons, the court grants defendants' motions in part.

////

////

////

1

# I. BACKGROUND[1]

## A. The Parties

Plaintiffs are four named plaintiffs formerly employed by defendant Norcal. Plaintiffs filed suit purporting to represent similarly situated employees, but no collective or class action has been certified. Norcal is a company that specializes in plastering and construction contracting. Defendants Heidi Guertin and James Guertin own Norcal, and allegedly had control over plaintiffs' working conditions. Compl. ¶ 5.

Plaintiffs worked for Norcal for four years, during which they were paid as hourly employees. Compl. ¶ 3, 8. On a regular basis plaintiffs worked over eight hours each day, in excess of forty hours per week. Compl. ¶ 9. During plaintiffs' employment, defendants knowingly failed to pay plaintiffs overtime wages as required by law. Compl. ¶ 13-15. On an unspecified date, plaintiffs' employment was terminated by defendants, after which defendants failed to pay plaintiffs wages defendants owed them. Compl. ¶ 11.

## B. The Instant Suit

Plaintiffs filed suit in this court in December 2007. The complaint alleges five causes of action: (1) California Overtime Violations; (2) Federal Overtime Violations; (3) California Missed Meal Period Penalty; (4) California Waiting Time Penalty; and (5)

---

[1] The allegations described herein are taken from the complaint and are taken as true for the purpose of pending motions only.

2

California Unfair Trade Practices Act Violation (Cal. Bus. & Prof. Code § 17200). As noted above, the complaint was filed as a purported collective action as to the FLSA claim and as a putative class action with respect to the remaining claims. Plaintiffs' third, fourth, and fifth claims contain allegations apparently copied from another complaint, in that these allegations either refer to defendants "Mt. Zion" and "Gondosinaryo Listyo"[2]--who are not parties to this suit--or are missing key terms. For example, paragraph 34 of the complaint, supporting plaintiff's fourth claim, is a sentence without a subject, which does not identify any defendant, followed by another non-sentence: "Within 72 hours of the termination of Plaintiffs failed to pay them the wages owed ascertainable at the time of termination. Plaintiffs believe that during the last three years." [sic].

In April 2008, defendants answered the complaint. As to each of the allegations referring to non-parties, defendants stated that they were without information sufficient to respond, and thereby denied these allegations. In their status report filed the next day, defendants stated that "[i]t is anticipated that Plaintiffs will amend their pleadings to reflect the proper defendants in Counts Three, Four, and Five." This court then issued a Scheduling Order in May 2008. The Scheduling Order provided that discovery would close on June 15, 2009, and all law and motion matters would be heard by August 15, 2009.

---

[2] Compl. ¶¶ 29, 30, 32, 36, 38-40, 43.

1  The docket does not indicate any activity by either party for
2 the following year.  Defendants provide a declaration stating that
3 no discovery was conducted by either party in this case until May
4 5, 2009.  Decl. of Kimberly Worley, Doc. No. 27.  Defendants and
5 plaintiffs filed mid-litigation statements on May 29 and June 1,
6 2009, respectively, and plaintiffs' statement indicated an intent
7 to "strike the class action allegations."  On July 8, 2009,
8 defendants filed the instant motion for judgment on the pleadings
9 and motion to strike, the first substantive motion thus far.  This
10 motion was noticed for hearing prior to the close of law and
11 motion, but the hearing was continued by the court due to court
12 congestion.  No other motions have been filed, and the time for
13 filing of such motions has passed.

## II. STANDARDS

**A.  Standard for A Motion for Judgment on The Pleadings under Fed. R. Civ. P. 12(c)**

17  A motion for judgment on the pleadings may be brought
18 "[a]fter the pleadings are closed but within such time as to not
19 delay the trial." Fed. R. Civ. P. 12(c). All allegations of fact
20 by the party opposing a motion for judgment on the pleadings are
21 accepted as true. Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d
22 1480, 1482 (9th Cir. 1984).
23 When a Rule 12(c) motion is used to raise the defense of failure
24 to state a claim, the motion is subject to the same test as a
25 motion under Rule 12(b)(6). McGlinchy, 845 F.2d at 810; Aldabe
26 v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1989). Thus, the motion

4

1  will be granted only if the movant establishes "enough facts to
2  state a claim to relief that is plausible on its face." Bell
3  Atlantic Corp. v. Twombly, 550 U.S. 544, 569 (2007). While a
4  complaint need not plead "detailed factual allegations," the
5  factual allegations it does include "must be enough to raise a
6  right to relief above the speculative level." Id. at 555.  The
7  court must accept all material allegations of the complaint as
8  true and all doubts must be resolved in the light most favorable
9  to the plaintiff. N.L. Indus. Inc. v. Kaplan, 792 F.2d 896, 898
10 (9th Cir. 1986).

**B.   Standard for A Motion to Strike under Fed. R. Civ. P. 12(f)**

Rule 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter."  A party may bring on a motion to strike within twenty days after the filing of the pleading under attack.  The court, however, may make appropriate orders to strike under the rule at any time on its own initiative.  Thus, the court may consider and grant an untimely motion to strike where it seems proper to do so. See 5A Wright and Miller, Federal Practice and Procedure: Civil 2d 1380.

Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties. See 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d 1380;  See also Hanna v. Lane, 610 F. Supp. 32, 34 (N.D. Ill. 1985).  If the court is

5

in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. See 5A Wright & Miller, supra, at 1380.

### III. ANALYSIS

The court grants defendants' motion to strike insofar as it seeks to strike the collective and class allegations from the complaint, because plaintiffs do not oppose--and in fact request--striking of these allegations.

Defendants request three other acts by this court. First, defendants argue that the entire complaint should be dismissed for plaintiffs' failure to prosecute. Second, defendants seek judgment on the pleadings as to plaintiffs' FLSA claim, on the ground that plaintiffs have not alleged facts demonstrating that defendants are employers subject to the FLSA. Third, defendants seek dismissal of plaintiffs' third, fourth, and fifth claims because the allegations supporting these claims do not refer to defendants, and instead refer to some other entity not a party to this suit. As to each of the above, defendants argue that dismissal should be with prejudice. The court considers each of the above arguments in turn.

**A.  Dismissal for Failure to Prosecute**

Defendants' first argument is that the entire complaint should be dismissed for lack of prosecution. Although presented as a motion to strike, defendants' reply brief couches this

1  request as an invitation for the court to exercise its authority
2  to dismiss sua sponte under Fed. R. Civ. P. 41(b) and <u>Link v.</u>
3  <u>Wabash R.R.</u>, 370 U.S. 626, 633 (1962).
4      Dismissal is within the discretion of the district court.
5  <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986).
6  However, the Ninth Circuit stated that dismissal "should be
7  imposed only in extreme circumstances," and has found an abuse
8  of discretion in several cases. <u>Raiford v. Pounds</u>, 640 F.2d
9  944, 945 (9th Cir. 1981) (reversing dismissal where, although
10 plaintiff missed both an original and extended deadline for
11 filing a pretrial report, there was little prejudice and lesser
12 sanction would suffice).  In <u>Link</u>, the Supreme Court upheld the
13 district court's sua sponte dismissal of plaintiffs's complaint
14 for failure to prosecute, where plaintiff had both failed to
15 appear at a pretrial conference and had previously otherwise
16 delayed the case. 370 U.S. at 634-635.  In general, dismissals
17 have been found appropriate where plaintiffs have failed to meet
18 deadlines or take other required steps.  <u>Land v. Denny's, Inc.</u>,
19 133 F.3d 927 (9th Cir. 1997), <u>Henderson</u>, 779 F.2d at 1423, <u>Von</u>
20 <u>Poppenheim v. Portland Boxing and Wrestling Commission</u>, 442 F.2d
21 1047 (9th Cir. 1971).
22     Here, defendants point to plaintiffs' failure to seek class
23 certification before the close of law and motion, nonappearance
24 at scheduled depositions, limited discovery, and proposal of
25 amendments after the deadline without showing good cause.  These
26 acts are not the type that normally warrant dismissal, and

7

defendants have failed to provide a ground for distinguishing Raiford. Plaintiffs have conducted discovery, filed a timely status report, and timely opposed the present motion. Dismissal is not warranted here.[3]

**B.   Whether The Complaint States A Claim under The Fair Labor Standards Act**

To fall under FLSA's overtime rules, an employee must either himself engage in commerce, or his employer must be an "enterprise engaged in commerce." See Chao v. A-One Med. Servs., 346 F.3d 908, 914 (9th Cir. 2003) (citing 29 U.S.C. § 207(a)(1)), Jerome v. Wirkkala, 118 F.3d 682, 686 (9th Cir. 1997). The statutory definition of "enterprise engaged in commerce" applicable to this case is an employer with at least one "employee[] engaged in commerce or in the production of goods for commerce, or . . . employee[] handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and with gross sales or business of at least $500,000.[4] 29 U.S.C. § 203(s)(1)(A).

The Ninth Circuit has interpreted "commerce" for purposes

---

[3] Defendants cite Kendrick v. Jefferson Co. Board of Educ., 932 F.2d 910, 914 (11th Cir. 1991), which held that failure to seek class certification constituted want of prosecution sufficient to warrant dismissal of class allegations. As defendants note, however, the Kendrick court dismissed Kendrick's class action claim but did not dismiss Kendrick's other causes of action. Id. Defendants do not justify extending Kendrick here.

[4] Prior to the 1989 amendments to the FLSA, 29 U.S.C. § 203(s)(4) provided that an employer engaged in construction need not meet the $500,000 threshold. This provision has been deleted.

8

of this requirement very broadly. The Ninth Circuit has explained that:

> even a business engaged in purely intrastate activities can [not] claim exemption from FLSA coverage if the goods its employees handle have moved in interstate commerce. The language imposes no requirement that the goods have a present involvement in interstate commerce when they are handled or sold. Instead it broadens coverage to include all employees within the stream of commerce of such goods, even if their own participation remains purely intrastate. The question of whether the goods have come to rest in transit has no relevance to this analysis.

Donovan v. Scoles, 652 F.2d 16, 18-19 (9th Cir. 1981).

In applying this standard to cases concerning construction workers, courts have required showing particular facts demonstrating a connection to commerce. Herman v. Pacific Southwest Dev., 1998 U.S. Dist. LEXIS 16575 (C.D. Cal. July 23, 1998); see also Vega v. Peninsula Household Servs., 2009 U.S. Dist. LEXIS 23405 (N.D. Cal. Mar. 12, 2009) (strongly implying this result), De Paz-Escobar v. Muskevitsch, 561 F. Supp. 2d 1209, 1212 (D. Or. 2008) (same). There is less consensus among the courts concerning what is required at the pleading stage. What appears to this court to be the most lenient approach is one recently adopted by a court in Northern District of California. The court held that allegations that defendant "is a cleaning and maintenance company that does business in Belmont California and has yearly income of over $ 500,000" were sufficient to survive a motion to dismiss. Vega v. Peninsula Household Servs., 2009 U.S. Dist. LEXIS 23405 (N.D. Cal. Mar.

12, 2009). Even though there was no explanation in the complaint of the connection between cleaning and interstate commerce, the court found that the allegation of the type of business made it plausible to infer such a connection, thereby satisfying <u>Twombly</u>.

Plaintiffs conclusorally allege that at all relevant times they were subject to the FLSA. Compl. ¶ 22. On a Rule 12(c) motion, as with a motion brought under Rule 12(b)(6), this conclusory allegation is ignored. <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, ___, 129 S. Ct. 1937, 1951 (2009). Plaintiffs do not otherwise specifically allege that either they or Norcal participated in interstate commerce, nor do plaintiffs' allege Norcal's annual receipts. In opposing this motion, plaintiffs do not argue that they individually participated in interstate commerce.[5] Instead, like the plaintiff in <u>Vega</u>, plaintiffs here argue that Norcal is an enterprise engaged in commerce.

The statutory definition of "enterprise engaged in commerce" has two separate requirements: participation in interstate commerce, and business in of at least $500,000 annually. <u>Thorne v. All Restoration Servs.</u>, 448 F.3d 1264, 1267 (11th Cir. 2006). Assuming without deciding that, as in <u>Vega</u>, participation in commerce may be implied by the nature of the business, and further assuming without decided that such an

---

[5] <u>See also</u> <u>Portillo v. Sarneveslit</u>, 2009 U.S. Dist. LEXIS 10388 (N.D. Cal. Feb. 11, 2009) (concluding that construction employees in that case were not individually engaged in interstate commerce).

10

1  implication is warranted in this case, plaintiffs nonetheless
2  have not alleged facts concerning the $500,000 threshold.
3  Accordingly, plaintiffs have failed to allege a claim under the
4  FLSA.
5       Plaintiffs argue that they should be granted leave to amend
6  their claim.  The time for amendment has long since passed, and
7  plaintiffs have not shown good cause to modify the scheduling
8  order to permit such amendment.  Johnson v. Mammoth Recreations,
9  Inc., 975 F.2d 604, 609 (9th Cir. 1992).  C.f. Johnson v. Clovis
10 Unified School District, No. 1:04-CV-6719, 2007 WL 1456062, *5
11 (E.D. Cal. May 17, 2007) (in granting a Rule 12(c) motion,
12 granting leave to amend where no scheduling order had yet been
13 entered in the case).

**C.  Plaintiffs' Third, Fourth, and Fifth Claims**

15      Defendants move for judgment on plaintiffs' third, fourth,
16 and fifth claims because the allegations supporting these claims
17 do not refer to the defendants here, and instead refer to some
18 other entity not a party to this suit.  Mot. p. 6. Plaintiffs
19 concede that the allegations supporting these claims are
20 deficient, and request leave to amend the complaint to correctly
21 name defendants in these claims.  Pls.' Opp'n to Defs.' Mot. for
22 J. p. 2.
23      As discussed above, the scheduling order of May 7, 2008,
24 prohibited all amendment absent a showing of good cause.
25 Plaintiffs argue that good cause is shown because of their
26 financial hardship, unemployment, and relocation.  However, none

11

1  of these factors bear any logical connection to the failure to
2  name the proper party in the complaint.  Moreover, this defect
3  was explicitly revealed in defendants' status report of April
4  29, 2008.  Accordingly, the court dismisses these claims.
5  **D.   Supplemental Jurisdiction**
6       Having dismissed the above claims, the court declines to
7  retain supplemental jurisdiction over plaintiffs' first claim,
8  for violations of California Labor Code section 510 and 1194.
9  28 U.S.C. § 1367(c)(3).

                              **IV. CONCLUSION**

       For the reasons stated above, plaintiffs' second, third,
fourth, and fifth claims are DISMISSED for failure to state a
claim, and plaintiffs' first claim is DISMISSED for lack of
subject matter jurisdiction.  The Clerk of the Court is directed
to CLOSE this case.
       IT IS SO ORDERED.
       DATED:  August 18, 2009.


                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT