UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOANERGES VILLALOBOS, et al.,

        NO. CIV. S-07-2778 LKK/GGH

    Plaintiffs,

  v.

        <u>O R D E R</u>

JAMES GUERTIN, et al.,

    Defendants.

                   /

On August 19, 2009, the court granted defendants' motion for judgment on the pleadings, dismissing four of plaintiffs' causes of action for failure to state a claim, and dismissing the fifth and sole remaining cause of action for lack of subject matter jurisdictions. Defendants have submitted a bill of costs and separately moved for attorneys' fees, both of which have been opposed by plaintiffs. The court resolves the matter on the papers and after oral argument. For the reasons stated below, defendants' motion for fees and costs is granted in part.

**I. BACKGROUND**

Defendants Heidi and James Guertin allegedly operate a

1

business under the name Norcal Plastering.  Plaintiffs, four individuals formerly employed by Norcal, filed suit purporting to represent themselves and others similarly situated. The complaint stated five causes of action, for violations of (1) California Labor Code section 1194, (2) the Fair Labor Standards Act, (3) California Labor Code section 226.7, (4) California Labor Code section 203, and (5) California Business and Professions Code section 17203.

On August 19, 2009, the court held that plaintiffs' allegations were insufficient to support the second through fifth claims.  The Fair Labor Standards Act claim failed because plaintiffs had not alleged facts sufficient to support the inference that Norcal Plastering or plaintiffs themselves engaged in interstate commerce, a predicate for liability under the act. Order at 8-11.  The Third, Fourth, and Fifth claims failed because the allegations therein pertained to entities not party to this suit.  Id. at 11-12.  The court denied plaintiff's request for leave to amend to correct these deficiencies, explaining that plaintiffs had notice of these deficiencies before the scheduling order was entered, but that plaintiffs had taken no action to correct them until discovery in the case had closed.  The court dismissed these claims, and declined to retain supplemental jurisdiction over plaintiffs' sole remaining claim.  Judgment on the pleadings under Fed. R. Civ. P. 12(c) was entered for defendants on August 19, 2009.

Defendants filed a bill of costs and motion for attorneys

1  fees.  Plaintiffs oppose both, arguing that defendants were not
2  "prevailing parties" because, as plaintiffs understood this court's
3  August 19, 2009 order, the state law claims had been dismissed
4  without prejudice, and plaintiffs were free to refile the federal
5  claim in federal court.  Plaintiffs alternatively argue that even
6  if defendants prevailed, they are not entitled to a fee award under
7  the court's inherent power or under any statute.

## II. DISCUSSION

### A.   Defendants Are A Prevailing Party

Under all of the fee shifting authorizations at issue in this case, fees and costs are only available to prevailing parties. Under California law, "a defendant in whose favor a dismissal is entered" is a prevailing party.  Cal. Code Civ. P. § 1032(a)(4). Under federal law, a party has not prevailed unless it "experienced an alteration in the legal relationship" with the other parties. Avery v. First Resolution Management Corp., 568 F.3d 1018, 1024 (9th Cir. 2009).  Plaintiffs argue that the court's order permits plaintiffs to refile each of their claims, and that as a result, no such change has occurred.  Id., Oscar v. Alaska Dep't of Educ. & Early Dev., 541 F.3d 978, 982 (9th Cir. 2008).

Plaintiffs misunderstand the nature of the prior order and its effect under California and federal law.  Fed. R. Civ. P. 41(b) provides that "[u]nless the dismissal order states otherwise . . . . any dismissal not under [Rule 41] — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits."  Thus, although

3

1  the dismissal order did not specifically state that it was "on the
2  merits" or "with prejudice," dismissal of the second through fifth
3  claims was precisely such an adjudication. Stewart v. United States
4  Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). Plaintiffs' contention
5  that a dismissal for failure to allege the elements of a cause of
6  action is not a substantive dismissal is without merit.  Id.
7      Plaintiffs' first claim, which was dismissed for lack of
8  subject matter jurisdiction, was not adjudicated on the merits.
9  Avery, 568 F.3d at 1024.  The fact that plaintiff may refile this
10 one claim does not defeat defendants' claim to prevailing party
11 status as to the others.

**B.   Particular Fee Shifting Provisions**

13     Defendants argue that they are entitled to fees under 28
14 U.S.C. section 1927, under Cal. Lab. Code section 218.5, and under
15 the court's inherent authority.  The court discusses each in turn.

**1.   28 U.S.C. § 1927**

17     "Any attorney . . . who so multiplies the proceedings in any
18 case unreasonably and vexatiously may be required by the court to
19 satisfy personally the excess costs, expenses, and attorneys' fees
20 reasonably incurred because of such conduct."  28 U.S.C. § 1927.
21 Here, defendants have not identified any act by which plaintiffs
22 multiplied the proceedings. Filing of the initial complaint cannot
23 itself violate this section.  "Because the section authorizes
24 sanctions only for the 'multipli[cation of] proceedings,' it
25 applies only to unnecessary filings and tactics once a lawsuit has
26 begun."  Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec.

4

1  Litig.), 78 F.3d 431, 435 (9th Cir. 1996).  Nor did plaintiffs'
2  counsel's response to depositions noticed by defendants "multipl[y]
3  the proceedings."
4     Rather than identify affirmative acts, defendants argue that
5  plaintiffs' counsel multiplied proceedings by failing to withdraw
6  and dismiss the case after the close of discovery.  The only
7  authority provided for this interpretation of section 1927 is a
8  case from the Southern District of Florida.  See Murray v.
9  Playmaker Servs., LLC, 548 F. Supp. 2d 1378, 1383 (S.D. Fla. 2008).
10 The court respectfully disagrees, and thereby declines to conclude
11 that an attorney multiplies proceedings simply by failing to
12 voluntarily dismiss an existing lawsuit.
13    **2.   The Court's Inherent Powers**
14    The court has an inherent authority to order payment of fees
15 as a sanction "when a party has acted in bad faith, vexatiously,
16 wantonly, or for oppressive reasons, delaying or disrupting
17 litigation, or has taken actions in the litigation for an improper
18 purpose." Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001) (citing
19 Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 and n.10 (1991)); see
20 also Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980).  In
21 this case, defendants argue that plaintiffs have done a poor job
22 of litigating this case, and that this demonstrates that they filed
23 their a purported class action for the allegedly improper purpose
24 of pressuring defendants to settle, rather than for any belief as
25 to the action's merits.  This argument is unsupported.  Although,
26 as noted in the order granting defendants' motion for judgment on

5

1 the pleadings, plaintiffs did little in the litigation of this
2 case, this does not demonstrate bad faith or other grounds for
3 sanction under the court's inherent authority.
4     Defendants also argue that plaintiffs have demonstrated bad
5 faith by filing a complaint in state court that re-alleges the four
6 the state-law claims previously filed in this court. Whether that
7 filing is in bad faith is an issue for the state court.
8     **3.   Cal. Lab. Code § 218.5**
9     Lastly, defendants argue that the court should award fees
10 under California Labor Code section 218.5. This statute provides
11 that "in any action brought for the nonpayment of wages, fringe
12 benefits, or health and welfare or pension fund contributions, the
13 court shall award reasonable attorney's fees and costs to the
14 prevailing party." Cal. Lab. Code § 218.5. The Ninth Circuit has
15 held that this provision may be applied in suits filed in federal
16 court. <u>Winterrowd v. Am. Gen. Annuity Ins. Co.</u>, 556 F.3d 815 (9th
17 Cir. 2009) (affirming award of fees to a prevailing plaintiff); <u>see
18 also</u> <u>Diamond v. John Martin Co</u>, 753 F.2d 1465, 1467 (9th Cir. 1985)
19 ("federal courts in diversity actions apply state law with regard
20 to the allowance (or disallowance) of attorneys' fees."). The
21 court concludes that this section applies to one of plaintiffs'
22 claims, that an award of fees is mandatory and not limited to cases
23 in which plaintiffs acted wrongfully, and that defendants prevailed
24 for purposes of this statute.
25     First, section 218.5 does not apply to all wage claims. The
26 statute contains an exemption, specifying that "[t]his section does

6

not apply to any action for which attorney's fees are recoverable under [California Labor Code] Section 1194."[1]  Section 1194 governs actions alleging failure to pay minimum wages or overtime.  Of the claims brought in this suit, plaintiffs concede that their claim for failure to pay for missed meal periods is a claim "for nonpayment of wages" under section 218.5.[2]  See Murphy v. Kenneth Cole Production, Inc., 40 Cal. 4th 1094, 1115 (2007) (characterizing money owed for missed meal periods as wages rather than a penalty).  Plaintiffs argue that their claims for waiting time penalties and for restitution of unpaid overtime do not fall within section 218.5, and defendants do not dispute this argument.

Second, plaintiffs request that the court apply federal cases interpreting fee shifting under Title VII of the Civil Rights Act to the California Labor Code.  Under Title VII, a court awards fees to a prevailing defendant only when the plaintiff's claim was frivolous, unreasonable, groundless, or brought in bad faith. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). Christiansburg's holding was predicated on the fact that Title VII grants courts discretion to award fees.  Christiansburg, 434 U.S. at 416; see also 42 U.S.C. § 2000e-5(k) ("the court, in its discretion, may allow the prevailing party, . . . a reasonable

---

[1] The statute contains several other exceptions not pertinent here.  In addition, for section 218.5 to apply, at least one party must have requested fees at the initiation of the action.  In this case, both the complaint and the answer request fees.

[2] Plaintiffs refer to this claim as their fourth.  However, plaintiffs' meal break claim was enumerated as their third claim. Complaint ¶¶ 28-32.

7

attorney's fee.").[3]  The Court's holding directed the lower courts in their exercise of this discretion.  Section 218.5, in contrast, provides that the court "shall" award fees.  "As used in the Labor Code, 'shall' is mandatory."  Smith v. Rae-Venter Law Group, 29 Cal. 4th 345, 357 (2002), superceded on other grounds as stated in Eicher v. Advanced Business Integrators, Inc., 151 Cal. App. 4th 1363, 1384 (2007) (citing Cal. Stats. 2003, ch. 93, § 1).  Under California law, when a statute provides for a mandatory fee award, a court has only discretion to deny the award when it is unclear whether the party prevailed, a circumstance not present here.  Cal. Code. Civ. P. § 1032(a)(4), On-Line Power, Inc. v. Mazur, 149 Cal. App. 4th 1079, 1087 (2007).  It appears that no published California case, nor any federal case, has held that when a claim is of a type encompassed by section 218.5, a party must show anything more than that it prevailed to be entitled to a mandatory award of fees.[4]

Finally, plaintiffs argue that defendants did not prevail on

---

[3] Christiansburg explicitly juxtaposed Title VII's fee shifting provision, which provided discretion to award fees to any prevailing party, against statues providing a mandatory award of fees to prevailing plaintiffs, e.g. the Fair Labor Standards Act, 29 U.S.C. § 216 (b), and against statutes providing discretion to award fees but only as to certain parties, e.g., the Privacy Act, 5 U.S.C. § 552a(g)(2)(B).  Christiansburg, 434 U.S. 415-16, n.5, n.6.

[4] Although not citable as precedent by California courts, an unpublished decision of the California Court of Appeal held that section 218.5 provided for mandatory fee awards to plaintiffs and defendants, despite possible policy concerns akin to those identified in Christiansburg.  Torres v. Auto Chlor Sys. of N. Cal., 2007 Cal. App. Unpub. LEXIS 7706 (Cal. App. 6th Dist. Sept. 25, 2007).

8

this claim because it was not brought as to them. As noted above, the court dismissed plaintiffs' meal period claim in part because the allegations supporting the claim referred to persons other than defendants. Plaintiffs now argue that in so doing, the court concluded that this claim was not brought as to defendants in this suit, such that defendants were not party to, and therefore did not prevail on, this claim. This argument fails. Although plaintiffs' allegations of particular conduct referred to other persons, plaintiffs' prayer for relief sought from defendants an award of meal time premium payments. Defendants therefore prevailed on this claim.

**C.   Reasonableness and Scope of The Fees**

Although defendants are entitled to an award of fees only in connection with one of plaintiffs' claims, defendants may recover all fees incurred on issues pertinent to this claim regardless of whether those issues were also pertinent to other claims. Diamond, 753 F.2d at 1467 (quoting Reynolds Metals Co. v. Alperson, 25 Cal. 3d 124, 129 (1979)).

Defendants request $29,964.00 in fees, for 85.6 hours of work in the case not including the time spent on the motion for a fee award, billed at $315 per hour.[5] The court has previously held that $300 per hour is a reasonable local rate for attorneys with defense counsel's experience, and reduces the hourly rate accordingly.

---

[5] Defense counsel declares that this is her standard rate, as an attorney with fifteen years of experience.

9

1  Defendants have not specified how this time was spent. At
2 least some of this time must have been spent on issues not
3 pertinent to plaintiffs' meal period claim. Notably, a significant
4 fraction of the memorandum submitted in support of defendants'
5 motion for judgment on the pleadings was specific to plaintiffs'
6 Fair Labor Standards Act claim. (Doc. No. 23-1 pages 4-6; Doc. No.
7 26 pages 4-5). Defendants are not entitled to recover fees
8 expended in connection with this issue. Diamond, 753 F.2d at 1467.
9 Defendants' contention that disclosure of the amount of time spent
10 on this issue would breach attorney-client or work-product
11 privileges is meritless. "Where the documentation of hours is
12 inadequate, the district court may reduce the award accordingly."
13 Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (concerning fee
14 awards under 42 U.S.C. § 1988). Here, the court reduces the number
15 of hours by the maximum amount that the court estimates were likely
16 to have been spent on issues not pertinent to the meal period claim
17 (which in this case means on issues solely pertinent to the FLSA
18 claim). The record indicates that defendant's stated 85.6 hours
19 were spent on preparation and filing of an answer, status report,
20 motion for judgment on the pleadings, and on preparation for and
21 attendance of a status conference, at least two depositions, and
22 the hearing on the motion for judgment on the pleadings. See
23 Declaration of Kimberly A. Worley Setting Forth Memorandum of Costs
24 (Doc. No. 32-2). The court concludes that at most 15 hours of this
25 time were spent on the FLSA issue, and reduces the fee award
26 accordingly.

1    Thus, defendants are entitled to a fees for 70.6 hours of work
2 at $300 per hour, or $21,180.  Plaintiff has not objected to
3 defendants' statement of costs (other than to argue that defendants
4 are not a prevailing party).  Defendants are therefore further
5 entitled to an award of $1,525.80 in costs.

6 **D.   Who Pays The Fees**

7    Cal. Labor Code section 218.5 provides that fees shall be
8 awarded to the prevailing party, but does not specify where the
9 award shall come from.  Nothing in the parties' briefing indicates
10 whether fees awarded under section 218.5 should be paid by
11 plaintiffs' counsel or by plaintiffs themselves.  Moreover, had
12 plaintiffs' counsel offered argument on this issue, it would have
13 been against his clients' interests.  None of the cases citing
14 section 218.5 have addressed this issue, and the court is not aware
15 of any California law regarding fee awards generally.

16    It may be that as a general rule, fee awards, rather than
17 sanctions, are to be paid by the party rather than counsel.  In
18 this particular case, however, where there is no controlling
19 authority, equity demands that the award be paid by plaintiffs'
20 counsel.  As explained more fully in the prior order, dismissal
21 resulted from counsel's failure to properly plead, and counsel's
22 subsequent failure to identify his mistakes or to prosecute this
23 litigation.  It may be that defendants would have prevailed absent
24 these failings, but the court has no way to evaluate that
25 possibility.  Although plaintiff's counsel's conduct is not
26 sanctionable under federal law, when California law compels an

11

award of fees, the exceptional circumstances of this case compel the court to conclude that this award should lie against plaintiff's counsel.

### IV. CONCLUSION

For the reasons stated above, defendants' motion for attorney fees, Doc. No. 35 is GRANTED IN PART.

1. Plaintiff's counsel is ordered to pay $21,180 in fees and $1,525.80 in costs to defense counsel.
2. Counsel shall file an affidavit accompanying the payment which states that it is paid personally by counsel, out of personal funds, and is not and will not be billed, directly or indirectly, to the client or in any way made the responsibility of the client as attorneys' fees or costs.

IT IS SO ORDERED.

DATED: December 1, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

12